IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-11272
Summary Calendar
_____

JOHN HAGAN,

Plaintiff-Appellant,

versus

PAUL COGGINS, an individual; JOHN DOE, and Other Unknown
Named Agents of the Department of Justice, Northern District of
Texas; DEPARTMENT OF JUSTICE, Northern District of Texas; GERALD
BUCKMEYER, an Individual; SCOTT SCHER, an Individual; RICHARD
FOGEL, an Individual,

Defendants-Appellees.

- - - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:99-CV-878-E
- - - - - - - - - - -
June 29, 2001
Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

John Hagan appeals the dismissal of his claims pursuant to
the Racketeering Influenced and Corrupt Organizations Act, 18
U.S.C. §§ 1961-1968, and Bivens v. Six Unknown Named Agents, 403
U.S. 388 (1971). The district court dismissed *sua sponte* his
claims against defendants Scott Scher and Richard Fogel for
failure to state a claim on which relief could be granted, and
granted summary judgment in favor of defendants Gerald Buchmeyer
and Paul Coggins. Hagan argues that the district court's failure

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to grant him discovery prior to its dismissal of his <u>Bivens</u> claims represents a substantial departure from the Supreme Court's decision in <u>Crawford-El v. Britton</u>, 523 U.S. 574 (1998), since the severity of the abuse of office alleged in that case "pales by comparison to the abuse alleged by Hagan." The district court in this case followed the procedure outlined in <u>Crawford-El</u> by directing Hagan to amend his complaint prior to its dismissal of his <u>Bivens</u> claims. It therefore provided Hagan with the opportunity to show a need for discovery. He failed to do so. This argument is without merit.

Hagan argues that Buchmeyer was not entitled to immunity because Buchmeyer had knowledge of disputed evidentiary facts. Hagan contends that Buchmeyer was in possession of an FBI report which substantiated his claims against Coggins in an earlier lawsuit against Coggins. Hagan's pleadings provided no factual basis for the existence of the aforementioned FBI report. Hagan's assertions on appeal provide no factual or legal support for this claim. Moreover, Hagan's claims against Buchmeyer were dismissed on summary judgment, without a ruling on the immunity issue. This argument is without merit.

Hagan argues that because Coggins is a supervisory official, he may be held liable in a <u>Bivens</u> action if the plaintiff can show personal involvement in the acts causing the deprivation of constitutional rights. Hagan asserts that he satisfied this requirement in his first amendment to his original complaint. The district court disagreed, and Hagan has presented no factual support for Coggins's alleged personal involvement. Nor has he

submitted legal argument challenging the reasoning behind the district court's findings.  This argument is frivolous.

Hagan asserts that he pleaded personal actions taken by Scher and Fogel in furtherance of a conspiracy to deprive him of his constitutional right to pursue legal action against the law firm of Kasmir & Krage, against Coggins, and against Dave Stieber and Drew Campbell.  He then asserts that Scher's failure to produce an affidavit pursuant to 28 U.S.C. § 2014(a), even after subpoena, is indicative that such a conflict existed.  Insofar as he is attempting to challenge the dismissal of Scher and Fogel, Hagan has failed to adequately brief the issue.  It is therefore waived.  See Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993).

Hagan attempts to challenge the dismissal of his civil RICO claims with the same sort of conclusory allegations prevalent in his district court pleadings.  This argument contains no citation to legal authority other than for an irrelevant general proposition.  The district court found that Hagan had not alleged facts from which the existence of a continuing RICO enterprise could be inferred, and because the association-in-fact enterprise pleaded by Hagan lacked continuity, Hagan could prove no set of facts in support of a civil RICO claim against the defendants. See Crowe v. Henry, 43 F.3d 198, 204 (5th Cir. 1995).  Hagan does not point to facts sufficient to support his RICO claim.  Nor does he make any legal argument challenging the district court's reasons for dismissing his RICO claims.  To the extent that this can be construed as an argument, he has failed to brief it

adequately.  It is therefore waived.  <u>See</u> <u>Yohey</u>, 985 F.2d at 224-25.

Hagan has failed to show that the district court erred in dismissing his claims against Scher and Fogel or in granting summary judgment in favor of Buchmeyer and Coggins.

AFFIRMED.